UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHARLES RANDOLPH JOHNSON, | ) | |
|---|---|---|
| | ) | Case No. 3:22-cv-171 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| MARTIN FRINK, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

## MEMORANDUM OPINION

Petitioner, a state court prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] (Doc. 1) that the United States District Court for the Middle District of Tennessee transferred to this Court (Doc. 8). That petition is now before the Court. For the reasons set forth below, this action will be **DISMISSED WITHOUT PREJUDICE** due to Petitioner's failure to exhaust his state court remedies prior to filing it.

### I. BACKGROUND

On March 7, 2018, Petitioner filed a pro se petition for habeas corpus relief challenging his 2015 convictions for selling drugs within 1000 feet of a school, selling drugs, and possessing drug paraphernalia in Anderson County case number B3C0129A with this Court. *Johnson v. Washburn*, No. 3:18-CV-105, 2019 WL 403869, at *1 (E.D. Tenn. Jan. 31, 2019) ("*Johnson I*"). On January 31, 2019, this Court granted the respondent's motion to dismiss that habeas corpus petition on the ground that Petitioner had not exhausted his state remedies prior to filing it and

---

[1] While Petitioner filed this action under 28 U.S.C. § 2241 (Doc. 1, at 1), the Court has construed Petitioner to be seeking relief under § 2254 (Doc. 11, at 1).

did not issue Petitioner a certificate of appealability. *Id.* at \*3. Petitioner filed a notice of appeal, and the United States District Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability.

On March 31, 2022, Petitioner filed the instant pro se petition for a writ of habeas corpus challenging his convictions in Anderson County case B3C0129A in this action. (Doc. 1.) On August 12, 2022, the Court entered an order noting that Petitioner had previously filed a § 2254 petition for a writ of habeas corpus challenging the same convictions, which the Court dismissed due to Petitioner's failure to first exhaust his state court remedies. (Doc. 11, at 1–2) (citing *Johnson I*). The Court also noted that Petitioner had filed a direct appeal of those convictions with the Tennessee Court of Criminal Appeals ("TCCA"), which is pending. (*Id.* at 2.); *See State of Tennessee v. Charles R. Johnson*, No. E2021-01106-CCA-R3-CD, https://www.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=83155 (last visited Oct. 21, 2022) ("*Johnson* State Court Direct Appeal"). The Court therefore opined that it appears that the instant § 2254 petition for habeas corpus relief also is subject to dismissal due to Petitioner's failure to exhaust his state court remedies for the same reasons the Court dismissed Petitioner's previous § 2254 petition (*id.* at 2), and found that while Petitioner had set forth various reasons that he should not have to exhaust his state court remedies prior to filing this action in his habeas corpus petition, those arguments had no merit (*id.* at 2–4).

Accordingly, the Court ordered Petitioner to show good cause as to why this Court should not dismiss this habeas corpus petition due to his failure to exhaust his state court remedies within fifteen (15) days from the date of entry of that order. (Doc. 4.) Petitioner filed a response to this order. (Doc. 13.)

2

However, in his response, Petitioner does not address why the Court should not dismiss this action due to his failure to exhaust his state court remedies.  (*See*, *generally*, *id.*)  Instead, Petitioner (1) asserts that he is actually innocent and did not receive a fair trial (*id.* at 1–3); (2) sets forth various arguments regarding the constitutionality of his trial[2] (*id.* at 4–18); and (3) includes several exhibits regarding his convictions, specifically a transcript, a search warrant, a press release, several affidavits of complaint, and a news story (*id.* at 18–37).  Nothing in Petitioner's response specifies any reason the Court should not dismiss this action due to his failure to exhaust his available state court remedies prior to filing it.

## II. STANDARD

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the remedies available to him in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims to the state courts so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275–77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas corpus relief.  *O'Sullivan*, 526 U.S. at 845.  Tennessee has determined that presentation to the TCCA will satisfy the requirement of presentation to the state's highest court.  Tenn. S. Ct. R. 39.

---

[2] Petitioner's filings are generally disorganized and continually refer to varied claims and legal issues without following a logical format, rendering them virtually incomprehensible.  (*See* Docs. 1, 13.)

3

### III. ANALYSIS

As the Court noted above, Petitioner's direct appeal of his convictions is still pending with the TCCA. *See Johnson* State Court Direct Appeal. As such, it is apparent that Petitioner did not exhaust his available state court remedies for his habeas corpus claims by completing one round of the appellate review process under Tennessee law prior to filing this action.

Further, while Petitioner sets forth various reasons he believes the Court should nevertheless address his claims in his petition, the Court has found that those arguments have no merit. (Doc. 11, at 2–4.) And while the Court gave Petitioner a chance to present additional arguments regarding this issue, he has failed to do so. (Doc. 13.) Accordingly, this action will be **DISMISSED** due to Petitioner's failure to exhaust his state remedies prior to filing this action.

### IV. COA

The Court must now determine whether to grant Petitioner a COA. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a district court may only issue a COA may only be issued where a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the Court's finding that Petitioner did not exhaust his state court remedies prior to filing this action. Accordingly, a COA **SHALL NOT ISSUE**.

4

## V. CONCLUSION

For the reasons set forth above, this action will be **DISMISSED WITHOUT PREJUDICE** due to Petitioner's failure to exhaust his available state court remedies prior to filing this action, and a COA **SHALL NOT ISSUE**. Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24. **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**